MEMORANDUM **
Bashar Mikaiel Hermez Ramo petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal and denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) on the grounds that he was not a credible witness. Because the BIA’s decision was supported by substantial evidence in the record, we deny the petition for review.
Where, as here, the BIA issues its own decision, this court is limited to reviewing only that decision, “except to the extent that the IJ’s opinion is expressly adopted.” Shah v. INS, 220 F.3d 1062, 1067 (9th Cir.2000). In support of its adverse credibility determination, the BIA cited five reasons given by the IJ that the BIA found “substantial and material.” We therefore review only those five reasons for finding Ramo not credible. See Molinar-Estrada v. INS, 293 F.3d 1089, 1093 (9th Cir.2002).[1] Because at least “one of the identified grounds is supported by substantial evidence and goes to the heart of [Ramo’s] claim of persecution,” Wang v. INS, 352 F.3d 1250, 1259 (9th Cir.2003), we will uphold the BIA’s credibility finding.
The BIA relied on inconsistencies between Ramo’s testimony and information contained on an identification card that allegedly belonged to him. In addition, the BIA noted discrepancies within the four corners of the document itself, which constitute legitimate evidence-based grounds for undermining the identification card’s reliability. See Lin v. Gonzales, 434 F.3d 1158, 1162-63 (9th Cir.2006). Furthermore, Ramo offered contradictory testimony as to how he obtained the document. Because these grounds cited by the BIA concern Ramo’s identity and his alleged Christian faith, they go to the heart of his claim of persecution. The adverse credibility finding therefore must stand.[2] *869 See Wang, 352 F.3d at 1259.
We also reject Ramo’s claim that his due process rights were violated because his immigration hearing was tainted by the presence of an incompetent interpreter. Even assuming deficiencies in the translation, Ramo has failed to demonstrate that any alleged incompetence on the part of the interpreter prejudiced the outcome of his hearing. See Hartooni v. INS, 21 F.3d 336, 340 (9th Cir.1994). First of all, Ramo has not pointed to “any specific instance where the interpreter is alleged to have erred,” id- at 340, or indicated “which, if any, words would have been translated differently, given a more competent interpreter.” Kotasz v. INS, 31 F.3d 847, 850 n. 2 (9th Cir.1994). Secondly, Ramo’s citations to the record in support of his claim of deficient translation only reference the first hearing date, whereas the bases on which we have affirmed the BIA’s adverse credibility determination all arose on the second day of testimony, when a different interpreter was present. Accordingly, the specific grounds that support the adverse credibility determination concern “testimony that was neither confusing nor unintelligible.” Singh v. Ashcroft, 367 F.3d 1139, 1144 (9th Cir.2004).
Based on the evidence present in the record before us, we are not compelled to reach a different result than that of the BIA. See Singh-Kaur v. INS, 183 F.3d 1147, 1149-50 (9th Cir.1999).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

. Ramo’s arguments concerning the other reasons cited by the IJ, but not adopted by the BIA, are not properly before this court. Therefore, we need not address them.

. The same cannot be said for two additional *869 reasons cited by the BIA in support of its conclusion that Ramo was not credible. The BIA’s reliance on Ramo’s alleged failure to mention the harm he suffered from 1988 to 1990 at a specific point in his testimony is not supported by substantial evidence, as the record demonstrates that Ramo fully catalogued this alleged harm prior to the confusing exchange with the IJ. In addition, any doubts the IJ or the BIA may have had as to the validity of Ramo’s alleged Baptismal Certificate amount to impermissible speculation and conjecture about what the document ought to look like. Lin, 434 F.3d at 1163.